UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NUMBER: _____

GLOBAL PROCUREMENT          )
SOLUTION, INC., and         )
CHARLES FOWLER,             )
                            )
    Plaintiffs,           )
                            )
v.                          )
                            )
ANGELA DUBIS,               )
                            )
    Defendant.            )
                            )
_____)

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiffs Global Procurement Solutions, Inc. ("GPS") and Charles Fowler ("Fowler" and together with GPS, the "Defendants"), by and through their undersigned counsel, file this Complaint against Defendant Angela Dubis ("Dubis" or "Defendant"), as follows:

## PARTIES

1.    Plaintiff GPS is a corporation originally organized and existing under the laws of the State of South Carolina but subsequently domiciled in the State of Florida with its principal place of business in Florida.

2.    Plaintiff Fowler is President of GPS and is a resident and citizen of Florida.

48968045 v1

3.      Upon information and belief, Defendant Dubis is a citizen of the State of California.

## **JURISDICTION AND VENUE**

4.      Jurisdiction is proper as GPS and Fowler are citizens of Florida and the amount in controversy exceeds $75,000, exclusive of interest and costs; there is complete diversity of citizenship and therefore, this Court has jurisdiction in accordance with Title 28 U.S.C. § 1332(a)(1).

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because a substantial part of the events giving rise to the claim occurred in this Division of this District in Florida, as Defendant was an employee and independent contractor of GPS for many years, with regular contacts with GPS and Fowler germane to the allegations of this Complaint through phone calls and emails while GPS and Fowler were located in Florida.

6.      This matter is brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and § 2202, as the Plaintiffs seek a declaration of the rights and legal relations with the Defendant.

## **FACTUAL ALLEGATIONS**

7.      Fowler formed GPS in 2010 as a veteran-owned company to primarily do business with the federal government.  Fowler is the sole owner of GPS and is a veteran of the United States Army.

48968045 v1

8.     GPS has since that time continuously contracted with the federal government to provide materials for use by the government, most often the Department Veterans Affairs.

9.     In or around 2012, Fowler initially engaged Dubis as an independent contractor to manage all aspects of operations and back-office duties.

10.     On or around December 28, 2018, Fowler then hired Dubis as an at-will employee to be the Chief of Information, Sales and Operations ("CIO") of GPS, with the duties of managing customer service, contracts and sales. Dubis had no contract, was paid wages and benefits and was eligible for bonuses and commissions as a result of her assignment.

11.     Dubis acted in this capacity for several years, but as GPS grew in size and scope of services, Fowler determined that her skill-set did not match up well with the growing requirements of the job, and so Dubis was moved to various lesser positions at GPS as Fowler struggled to find a fit in the company for her.

12.     In the last two years, Dubis' performance declined and she failed to meet company goals or obtain company objectives. Dubis actively disputed the decisions of Fowler about company matters and failed to work collaboratively with Fowler.

48968045 v1

13.    Upon information and belief, Dubis also took a moonlighting job with a GPS vendor without informing Fowler.

14.    During the time period of her employment as CIO, Dubis was paid a commission.  The commission formula was Forty (40%) Percent of net profits of GPS.  The purpose of the commissions was to recognize Dubis' contribution to the management of GPS and to participate in the company's success.

15.    Dubis resigned from GPS in or around April of 2022.

16.    Dubis has been paid all commissions and other compensation she was owed by GPS.

17.    Since her resignation, Dubis has repeatedly contacted GPS employees claiming that she owns, or should own, Forty (40%) Percent of GPS.

18.    Upon information and belief, Dubis has represented herself as an equity owner of GPS to third parties.

19.    During her employment with GPS, Fowler twice offered Dubis the opportunity to own stock in GPS, but Dubis refused both ownership offers because if she had become an owner, she would have been subject to capital calls to maintain the liquidity of the company, and she did not want that potential financial exposure.   In one case, Dubis refused to consider stock/ownership documents that was presented to her by GPS and Fowler.

20.    Upon information and belief, Dubis has made threats against GPS and Fowler that she was subject to a hostile work environment which in some

4

way may have been connected to her resignation, even though Dubis worked from her home in California ante not at a GPS physical office location.

## COUNT I - DECLARATORY JUDGMENT (OWNERSHIP CLAIM)

21.    Plaintiffs re-allege, as if fully set forth herein, the allegations set forth in paragraphs 1 through 20 above.

22.    Dubis claims that she is an owner of GPS.

23.    Dubis's claims and allegations affect GPS because Dubis questions basic governance issues of GPS that in turn potentially affect distribution of dividends.

24.    Dubis's claims and allegations affect Fowler by potentially diluting his 100% ownership interest in GPS and his right to obtain all GPS dividends.

25.    Plaintiffs request a declaration from the Court that Dubis never has and is not now an owner of GPS.

26.    There is an actual, justiciable controversy between the parties regarding their rights, status, legal relations and obligations.

WHEREFORE, Plaintiffs hereby request that the Court grant the relief sought by Plaintiffs against Defendant, and any other relief as the Court may find appropriate.

## COUNT II - DECLARATORY JUDGMENT (EMPLOYMENT)

27.    Plaintiffs re-allege, as if fully set forth herein, the allegations set forth in paragraphs 1 through 20 above.

48968045 v1

28.    Dubis claims she was subjected to a hostile work environment, and claimed she would file a lawsuit against GPS for the same.

29.    Plaintiffs request a declaration from the Court that Dubis has no legally cognizable claim of a hostile work environment and that Dubis has no legally cognizable claim against GPS for breach of contract or other wrong arising out of or related to her employment with GPS.

30.    There is an actual, justiciable controversy between the parties regarding their rights, status, legal relations and obligations

WHEREFORE, Plaintiffs hereby request that the Court grant the relief sought by Plaintiffs against Defendant, and any other relief as the Court may find appropriate.

Respectfully submitted this 7th day of September 2022.

Respectfully submitted,

*/s/ Sheena A. Thakrar*
SHEENA A. THAKRAR (FL Bar #871141)
Email: sthakrar@burr.com
Secondary Email: echaves@burr.com
Secondary Email: mjett@burr.com
BURR & FORMAN LLP
200 S. Orange Avenue, Suite 800
Orlando, Florida 32801
Telephone: (407) 540-6600

Benjamin E. Nicholson, V (SC Bar # 10137)
(Pro Hac Vice admittance pending)
Email:  nnicholson@burr.com
BURR & FORMAN LLP
1221 Main St., Suite 1800 (29201)

6

P.O. Box 11390 (29211)
Columbia, South Carolina
Telephone: (803) 799-9800

*Counsel for Plaintiffs*

48968045 v1