UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NUMBER: 6:22-cv-01611

GLOBAL PROCUREMENT )
SOLUTION, INC., and )
CHARLES FOWLER, )
)
    Plaintiffs, )
)
v. )
)
ANGELA DUBIS, )
)
    Defendant. )
)

## AMENDED COMPLAINT FOR DECLARATORY RELIEF

Plaintiffs Global Procurement Solutions, Inc. ("GPS"), and Charles Fowler ("Fowler" and together with GPS, the "Defendants"), by and through their undersigned counsel, file this Amended Complaint against Defendant Angela Dubis ("Dubis" or "Defendant"), as follows:

## PARTIES

1. Plaintiff GPS is a corporation originally organized and existing under the laws of the State of South Carolina but subsequently domiciled in the State of Florida with its principal place of business located in Florida.

2. Plaintiff Fowler is President of GPS and is a resident and citizen of Florida.

3. Upon information and belief, Defendant Dubis is a citizen of the State of California.

49219953 v1

## JURISDICTION AND VENUE

4. Jurisdiction is proper as GPS and Fowler are citizens of Florida and the amount in controversy exceeds $75,000, exclusive of interest and costs; there is complete diversity of citizenship and therefore, this Court has jurisdiction in accordance with Title 28 U.S.C. § 1332(a)(1).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because a substantial part of the events giving rise to the claim occurred in this Division of this District in Florida, as Defendant was an employee and independent contractor of GPS for many years, with regular contacts with GPS and Fowler germane to the allegations of this Complaint through phone calls and emails while GPS and Fowler were located in Florida.

6. This matter is brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and § 2202, as the Plaintiffs seek a declaration of the rights and legal relations with the Defendant.

## FACTUAL ALLEGATIONS

7. Fowler formed GPS in 2010 as a veteran-owned company to primarily do business with the federal government. Fowler is the sole owner of GPS and is a veteran of the United States Army.

8. GPS has since that time continuously contracted with the federal government to provide materials for use by the government, most often the United States Department of Veterans Affairs.

9. In or around 2012, Fowler initially engaged Dubis as an independent contractor to manage all aspects of operations and back-office duties.

10. On or around December 28, 2018, Fowler then hired Dubis as an at-will employee to be the Chief of Information, Sales and Operations ("CIO") of GPS, with the

duties of managing customer service, contracts and sales.  Dubis had no contract, was paid wages and benefits and was eligible for bonuses and commissions as a result of her assignment.

11.     Dubis acted in this capacity for several years, but as GPS grew in size and scope of services, Fowler determined that her skill-set did not match up well with the growing requirements of the job, and so Dubis was moved to various lesser positions at GPS as Fowler struggled to find a fit in the company for her.

12.     In the last two years, Dubis' performance declined and she failed to meet company goals or obtain company objectives.  Dubis actively disputed the decisions of Fowler about company matters and failed to work collaboratively with Fowler.

13.     Among the duties assigned to Dubis were the review and implementation of a GPS growth strategy to move GPS into an additional market of providing medical supplies to the Department of Veterans Affairs.  In implementing this strategy, Dubis as an employee of GPS received GPS's business plans which included confidential, proprietary information of how GPS intended to implement this new market strategy, and how GPS intended to recruit manufacturers for which GPS could act as a distributor for contracts with the Department of Veterans Affairs.

14.     Upon information and belief, Dubis also took a moonlighting job with a GPS vendor without informing Fowler.

15.     Upon information and belief, while employed at GPS, Dubis, in violation of her duty of loyalty as an employee of GPS, plotted to use GPS' confidential and proprietary business information to compete with GPS for a medical products contract with the Department of Veterans Affairs.

3

16. Since Dubis left the employment of GPS, she has been employed by or otherwise associated with another company that had never been in the medical products business before, but suddenly with the arrival of Dubis became interested in providing medical products to the Department of Veterans Affairs.

17. Upon information and belief Dubis has used the confidential and proprietary GPS business plan information in concert with the other company for the purpose of competing with GPS using GPS' own business plan.

18. During the time period of her employment as CIO, Dubis was paid a commission. The commission formula was Forty (40%) Percent of net profits of GPS. The purpose of the commissions was to recognize Dubis' contribution to the management of GPS and to participate in the company's success.

19. Dubis resigned from GPS in or around April of 2022.

20. Dubis has been paid all commissions and other compensation she was owed by GPS.

21. Since her resignation, Dubis has repeatedly contacted GPS employees claiming that she owns, or should own, Forty (40%) Percent of GPS.

22. Upon information and belief, Dubis has represented herself as an equity owner of GPS to third parties.

23. During her employment with GPS, Fowler twice offered Dubis the opportunity to own stock in GPS, but Dubis refused both ownership offers because if she had become an owner, she would have been subject to capital calls to maintain the liquidity of the company, and she did not want that potential financial exposure. In one

case, Dubis refused to consider stock/ownership documents that were presented to her by GPS and Fowler.

24. Upon information and belief, Dubis has made threats against GPS and Fowler that she was subject to a hostile work environment which in some way may have been connected to her resignation, even though Dubis worked from her home in California and not at a GPS physical office location.

### COUNT I - DECLARATORY JUDGMENT (OWNERSHIP CLAIM)

25. Plaintiffs re-allege, as if fully set forth herein, the allegations set forth in paragraphs 1 through 24 above.

26. There is an actual, justiciable controversy between the parties regarding their rights, status, legal relations and obligations.

27. Dubis claims that she is an owner of GPS.

28. Dubis's claims and allegations affect GPS because Dubis questions basic governance issues of GPS that in turn potentially affect distribution of dividends.

29. Dubis's claims and allegations affect Fowler by potentially diluting his 100% ownership interest in GPS and his right to obtain all GPS dividends.

Wherefore, Plaintiffs request a declaration from the Court that Dubis never has been and is not now an owner of GPS.

### COUNT II - DECLARATORY JUDGMENT (EMPLOYMENT)

30. Plaintiffs re-allege, as if fully set forth herein, the allegations set forth in paragraphs 1 through 24 above.

31. There is an actual, justiciable controversy between the parties regarding their rights, status, legal relations and obligations.

49219953 v1

32. Dubis claims she was subjected to a hostile work environment, and claimed she would file a lawsuit against GPS and others for the same.

Wherefore, Plaintiffs request a declaration from the Court that Dubis has no legally cognizable claim of a hostile work environment and that Dubis has no legally cognizable claim against GPS or Fowler for breach of contract or other wrong arising out of or related to her employment with GPS.

**COUNT III – BREACH OF THE DUTY OF LOYALTY OWED TO GPS**

33. Plaintiff GPS re-alleges, as if fully set forth herein, the allegations set forth in paragraphs 1 through 24 above.

34. As a result of her employment with GPS, and based upon the various positions she held at GPS, Dubis owed GPS a duty of good faith, honesty, candor, and loyalty in the performance of her duties.

35. Dubis, in breach of her duty of loyalty to GPS, misappropriated and misused the confidential and proprietary information of GPS to plot, while employed with GPS, to use such information for her personal benefit and in competition with GPS. In so doing, Dubis put her own interests above those of GPS.

36. Such breach of Dubis' duty of loyalty is a breach of the conditions of her employment with GPS.

39. Dubis' conduct far exceeds the bounds of fair and lawful competition.

40. GPS has or will suffer actual, consequential and incidental damages as a result of said breach.

41. GPS is entitled to an award of such actual, consequential and incidental damages from Dubis, as well as disgorgement by Dubis of compensation paid to her while she was breaching her duty of loyalty.

6

49219953 v1

Wherefore, Plaintiff GPS requests that the Court enter an order awarding damages to GPS including actual and compensatory damages, costs, and granting any other and further relief that this Court deems just and proper.

**COUNT IV – VIOLATION OF FLORIDA UNIFORM TRADE SECRETS ACT**

42. Plaintiff GPS re-alleges, as if fully set forth herein, the allegations set forth in paragraphs 1 through 24 above.

43. The business plans of GPS with respect the methodology, manufacturer contacts, and government contracts it planned to solicit all constitute "trade secrets" under the Uniform Trade Secrets Act, Fla. Stat. § 688.002(4). The information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by, other persons who can obtain economic value from its disclosure or use. Further, GPS has taken reasonable efforts to main the secrecy of this information. In particular, GPS' employee handbook, which is applicable to Dubis, provides that GPS considers as confidential and proprietary information "business strategy, future plans, financial information, contracts, suppliers, customers, personnel information or other information that the Company considers proprietary and confidential."

44. Upon information and belief, Dubis willfully and maliciously misappropriated GPS trade secrets through improper means—by obtaining this information while an employee of GPS and then using it for personal benefit outside the scope of her employment. The theft or wrongful retention of this information constitutes unlawful misappropriation under Florida Statute § 688.02.

45. The violations of the Uniform Trade Secrets Act have caused GPS damages.

Wherefore, under Florida Statute § 688.004 and §688.005, Plaintiff GPS requests that the Court enter an order awarding statutory damages to GPS including actual, compensatory, and exemplary damages for Dubis's malicious and willful misappropriation, as well as an award of GPS's attorney's fees and costs.

## COUNT V – UNJUST ENRICHMENT

46. Plaintiff GPS re-alleges, as if fully set forth herein, the allegations set forth in paragraphs 1 through 24 and 43 through 45 above.

47. Dubis was provided access to GPS's confidential and trade secret information about GPS's business plans for the sole purpose of fulfilling her job duties for GPS.

48. Dubis intentionally misappropriated GPS's trade secrets and confidential information for the purpose of enabling Dubis to directly and/or indirectly compete with GPS for a medical products contract with the Department of Veterans Affairs, on behalf of Dubis's new employer.

49. It would be inequitable for Dubis to retain the benefit of GPS's confidential information and trade secrets without compensating GPS.

Wherefore, Plaintiff GPS requests that the Court enter an order awarding damages to GPS including actual and compensatory damages, costs, and granting any other and further relief that this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs respectfully request a trial by jury on all issues so triable.

Respectfully submitted this 14th day of October 2022.

        Respectfully submitted,

        */s/ Sheena A. Thakrar*
        SHEENA A. THAKRAR (FL Bar #871141)
        Email: sthakrar@burr.com
        Secondary Email: echaves@burr.com
        Secondary Email: mjett@burr.com
        BURR & FORMAN LLP
        200 S. Orange Avenue, Suite 800
        Orlando, Florida 32801
        Telephone: (407) 540-6600

        Benjamin E. Nicholson, V (SC Bar # 10137)
        (Pro Hac Vice admittance pending)
        Email:  nnicholson@burr.com
        BURR & FORMAN LLP
        1221 Main St., Suite 1800 (29201)
        P.O. Box 11390 (29211)
        Columbia, South Carolina
        Telephone: (803) 799-9800

        *Counsel for Plaintiffs*

49219953 v1