UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GLOBAL PROCUREMENT
SOLUTION, INC. and
CHARLES FOWLER,

    Plaintiffs,

v.                                                  Case No.: 22-cv-01611-WWB-DAB

ANGELA DUBIS,

    Defendant.
_____/

## THE PARTIES' JOINT MOTION FOR EXTENSION OF TIME AND INCORPORATED MEMORANDUM OF LAW

Plaintiffs Global Procurement Solutions, Inc. and Charles Fowler ("Plaintiffs") and Defendant Angela Dubis ("Ms. Dubis") jointly file this Motion, respectfully requesting the following: Plaintiffs request until January 16, 2023, to file an amended complaint, and Ms. Dubis seeks an extension of time to respond until the amended complaint is filed.

As a matter of background, on September 7, 2022, Plaintiffs filed an initial Complaint. (Doc. 1). Prior to serving Ms. Dubis, on October 14, 2022, Plaintiffs filed an Amended Complaint. (Doc. 10). On or about November 7, 2022, Ms. Dubis was served with the Amended Complaint. Ms. Dubis sought an extension of time to respond to the Amended Complaint, which the Court granted. (Doc.

18).  Accordingly, Ms. Dubis' response to Plaintiffs' Amended Complaint is currently due on December 22, 2022.

Per this Court's Local Rule 3.01(g), the Parties conferred regarding Plaintiffs' claims on December 2, 2022, and on December 19, 2022.  Through these good faith discussions, Plaintiffs agreed to dismiss Counts III, IV, and V.  Plaintiffs further agreed to amend the allegations of Counts I and II.  Per Federal Rule of Civil Procedure 15(a)(2), Ms. Dubis agreed that Plaintiffs may file an amended complaint, preserving all forms of a future response thereto.  Plaintiffs, however, require additional time to file the amended complaint.  Due to Ms. Dubis' December 22nd response deadline and Plaintiffs' need for additional time to amend the complaint, this Motion follows.

Federal Rule of Civil Procedure 6(b)(1) provides "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires . . . ."  Fed. R. Civ. P. 6(b)(1).  "'Good cause' is a well-established legal phrase."  *Larweth v. Magellan Health, Inc.*, No. 6:18-cv-823-Orl-41DCI, 2019 U.S. Dist. LEXIS 23720, at *32 (M.D. Fla. July 16, 2019). "Although difficult to define in absolute terms, [good cause] generally signifies a sound basis or legitimate need to take judicial action."  *Id.* (citation omitted). Moreover, "A district court has inherent authority to manage its own docket 'so as

to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (*quoting Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)).

There is good cause for an extension of Ms. Dubis' deadline to respond to the Amended Complaint; and, there is good cause to allow Plaintiffs additional time to file an amended complaint. The Parties have been working together amicably regarding Plaintiffs' claims and Ms. Dubis' rationale for a motion to dismiss the claims as they are stated in the Amended Complaint. Due to settlement efforts, upcoming deadlines in other matters, and the intervening December holidays, the Parties respectfully request additional time to allow Plaintiffs to file an amended complaint. In addition, in light of Plaintiffs agreement to amend the complaint and agreement to dismiss certain counts and amend others, Ms. Dubis asks this Court for relief from the December 22nd response deadline.

The Parties' requested extensions are made in good faith, as reflected by the mutual agreement among the Parties to these extensions. Permitting these extensions will enable Plaintiffs to amend the complaint and allow Ms. Dubis to develop a response to the allegations in the forthcoming, anticipated amended complaint.

Based on the foregoing good cause, the Parties ask that: (i) this Motion be granted; (ii) Plaintiffs be permitted until January 16, 2023, to file an amended complaint; and, (iii) Ms. Dubis be provided an extension of time to respond until Plaintiffs file their amended complaint.

Respectfully submitted this 20th day of December 2022.

| BURR & FORMAN LLP | SPIRE LAW, PLLC |
|---|---|
| 200 S. Orange Avenue, Suite 800 | 2572 W. State Road 426, Suite 2088 |
| Orlando, Florida 32801 | Oviedo, Florida 32765 |
| | |
| By: */s/ Sheena Thakar* | By: */s/ Jamie L. White* |
| Sheena A. Thakrar, Esquire | Jamie L. White, Esq. |
| Florida Bar No. 871141 | Florida Bar No. 100018 |
| Email: sthakrar@burr.com | Alyssa Castelli, Esq. |
| Secondary Email: echaves@burr.com | Florida Bar No. 1032306 |
| Secondary Email: mjett@burr.com | jamie@spirelawfirm.com |
| | alyssa@spirelawfirm.com |
| Benjamin E. Nicholson, V, Esquire | marcela@spirelawfirm.com |
| *Pro Hac Counsel* | filings@spirelawfirm.com |
| 1221 Main St., Suite 1800 (29201) | Attorneys for Defendant |
| P.O. Box 11390 (29211) | |
| Columbia, South Carolina | |
| Email: nnicholson@burr.com | |

## CERTIFICATE OF SERVICE

I hereby Certify that on this 20th day of December 2022, the foregoing was electronically filed through the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Jamie White*
Attorney

4