**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

GLOBAL PROCUREMENT SOLUTION,
INC. and CHARLES FOWLER,

    Plaintiffs,

v.             Case No.: 6:22-cv-1611-WWB-RMN

ANGELA DUBIS,

    Defendant.

_____/

## <u>ORDER</u>

THIS CAUSE is before the Court on Defendant's Opposed Motion to Dismiss (Doc. 27)[1] and Plaintiffs' Opposition (Doc. 30). For the reasons set forth herein, Defendant's Motion will be granted.

## I. BACKGROUND

Charles Fowler formed Global Procurement Solution, Inc. ("**GPS**") in 2010 as a veteran-owned company. (Doc. 23, ¶ 7). Since its formation, GPS has continuously contracted with the federal government to provide materials for government use. (*Id.* ¶ 8). In 2012, Fowler hired Defendant, Angela Dubis, as an independent contractor. (*Id.* ¶ 9). Dubis subsequently became an employee of GPS on December 28, 2018, as the Chief of Information, Sales and Operations ("**CIO**") and received a commission of forty percent of GPS's net profits. (*Id.* ¶¶ 10, 13). Due to performance issues, Dubis was moved to

---

[1] Defendant's Motion fails to comply with this Court's January 13, 2021 Standing Order. In the interests of justice, the Court will consider the filing, but the parties are cautioned that future failures to comply with all applicable rules and orders of this Court may result in the striking or denial of filings without notice or leave to refile.

other, lesser positions until she resigned in April 2022. (*Id.* ¶¶ 11–12, 14). Since her resignation, Plaintiffs allege that Dubis has represented herself as an equity owner to current GPS employees and third parties despite having affirmatively rejected offers to own stock in GPS during her employment. (*Id.* ¶¶ 16–18). As a result of these representations, Plaintiffs filed this case asserting one claim for declaratory relief declaring that Dubis does not have an ownership interest in GPS. (*See generally id.*).

## II.     LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

III.     **DISCUSSION**

Defendant argues that the Second Amended Complaint should be dismissed because Plaintiffs have failed to allege an actual or imminent controversy sufficient to warrant declaratory relief and such relief would not remedy any past harm created by Defendant's alleged misrepresentations regarding her ownership.

Pursuant to the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). To properly plead a claim for declaratory judgment, the moving party must allege that:

> (1) there is a bona fide dispute between the parties; (2) the plaintiff has a justiciable question as to the existence or non-existence of some right, status, immunity, power or privilege, or as to some fact upon which the existence of such right, status, immunity, power or privilege does or may depend; (3) the plaintiff is in doubt as to the right, status, immunity, power or privilege; and (4) there is a bona fide, actual, present need for the declaration.

*Norring v. Private Escapes, LLC*, 6:09-cv-2081-Orl, 2010 WL 963293, at *7 (M.D. Fla. Mar. 12, 2010).

To allege a claim for declaratory relief sufficient to meet the "case or controversy" requirement, "[t]he plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred." *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985) (citation omitted). "Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." *Id.* (citation omitted). "The remote possibility that

3

a future injury may happen is not sufficient to satisfy the 'actual controversy' requirement for declaratory judgments." *Id.*

The Court agrees that Plaintiffs have failed to allege a claim for declaratory judgment. While Plaintiffs adequately allege that there is some dispute between Plaintiffs and Defendant regarding her ownership status, they have not alleged that they are in doubt as to her status or that there is any threat of immediate harm. Specifically, Plaintiffs have not alleged that Defendant has or is likely to attempt to assert her right to participate in company governance or to partake in any distribution of dividends or that she has or is likely to attempt to wrongfully act on behalf of GPS with respect to third parties. The brief and unadorned allegations that Defendant has, at some unspecified time, stated that she has an ownership interest to current employees and outsiders, without more, fails to raise Plaintiffs need for declaratory relief above the speculative level. *See, e.g.*, *Esteves v. SunTrust Banks, Inc.*, 615 F. App'x 632, 635–36 (11th Cir. 2015); *Progressive Mountain Ins. Co. v. MJ Night Rider Transp. LLC*, No. 1:18-cv-03104, 2019 WL 5295797, at *3 (N.D. Ga. Oct. 3, 2019); *Skyventure Orlando, LLC v. Skyventure Mgmt., LLC*, No. 6:09-cv-396-Orl, 2009 WL 2496553, at *5 (M.D. Fla. Aug. 12, 2009). Thus, the Second Amended Complaint will be dismissed.

"A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002). Plaintiffs have neither filed a motion for leave to amend their pleading nor requested such relief in their Opposition. Consequently,

this Court is not obligated to permit Plaintiffs to amend the Second Amended Complaint *sua sponte* and declines to do so.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Motion to Dismiss (Doc. 27) is **GRANTED**.

2. The Second Amended Complaint (Doc. 23) is **DISMISSED without prejudice**.

3. The Clerk is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida on April 24, 2023.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE


Copies furnished to:

Counsel of Record